IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN W. ROSS, )
)
        Plaintiff, )
)
v. ) Case No. 10-4070-RDR
)
LORI SCHARTZ, *et al.*, )
)
        Defendants. )

## ORDER

This matter comes before the Court upon Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3) and Motion for Appointment of Counsel (Doc. 4).

**I.    Motion to Proceed Without Prepayment of Fees**

28 U.S.C. § 1915 allows a court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[1] The decision to grant or deny *in forma pauperis* status under § 1915 lies within the sound discretion of the trial court.[2]

After careful review of the financial information provided in Plaintiff's affidavit, the Court concludes Plaintiff's financial situation warrants waiver of the filing fee. When deciding a litigant's eligibility for IFP status, courts often compare the litigant's monthly expenses to monthly income.[3]

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499-KHV, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[2] *Id.* (citing *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999)).

[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007).

The Court also considers a litigant's equity in automobiles and real estate.[4] In this case, Plaintiff's monthly income only slightly exceeds his monthly expenses. Plaintiff has no automobile or real estate. Plaintiff, however, has sufficient cash on hand to pay the $350.00 filing fee. The amount of Plaintiff's cash on hand makes the decision whether to grant IFP status a close call. However, one need not be completely destitute to qualify to proceed *in forma pauperis*.[5] Under these circumstances, the undersigned will err in favor of granting IFP status given the "liberal policy toward permitting proceedings *in forma pauperis*."[6] For these reasons, Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3) is granted.

## II.    Motion for Appointment of Counsel

"Unlike a criminal case, a party has no constitutional right to appointment of counsel in a civil case."[7] The Court may, however, in its discretion, appoint counsel in a civil action to represent a person proceeding *in forma pauperis*" pursuant to 28 U.S.C. § 1915(e). When considering whether to appoint counsel, courts must consider all relevant factors, including the merits of the litigants claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.[8]

The burden is on the applicant to convince the court that there is sufficient merit to his claim

---

[4] *Scherer v. Kansas*, No. 06-2446-JWL, 2006 WL 3147731, at *2 (D. Kan. Nov. 1, 2006).

[5] *Collins v. Astrue*, No. 09-4120-JAR, 2009 WL 3173680, at *1 (D. Kan. Sept. 30, 2009).

[6] *Alexander*, 2007 WL 2316902, at *1.

[7] *Barnett*, 2000 WL 1909625, at *1 (citing *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989)).

[8] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

to warrant the appointment of counsel.[9] Based upon the claims presented in the Complaint, the Court is not convinced Plaintiff's claims are especially meritorious compared to claims of others the Court has reviewed for this purpose.

Plaintiff has not demonstrated his case involves unique or unusually complicated legal theories. Further, this case involves relatively straight forward facts for which Plaintiff must explain why he believes Defendants discriminated against him and/or violated the Fair Credit Reporting Act. This should not require any particular expertise. Plaintiff also appears capable of preparing and presenting this case without the aid of counsel. He has not demonstrated the existence of any special circumstances, such as a physical or mental impediment, which prevent him from presenting his claims.[10]

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3) is hereby GRANTED. The Clerk shall issue summons for all Defendants. Service of the summons and Complaint on Defendants shall be effected by the United States Marshal or a deputy United States Marshal pursuant to Fed. R. Civ. P. 4(c)(3).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 4) is hereby DENIED without prejudice.

---

[9] *McCarthy v. Weinberg*, 753 F.2d 836, 839 (10th Cir. 1985).

[10] *Cf. id*. at 837–839 (holding that district court erred in denying motion for appointment of counsel where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communication).

**IT IS SO ORDERED.**

Dated this 29th day of June, 2010, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
